IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN M. KUTSENKOW, Administratrix of the Estate of MICHAEL T. KUTSENKOW, and KATHLEEN M. KUTSENKOW, in her own right,

Plaintiffs,

vs.

JESAMYN L. FUSCARDO, D.O.; BRITTANY HOARD, NP; GREENBRIER EMERGENCY PHYSICIANS, INC., a wholly owned subsidiary of TEAM HEALTH, INC.; and WEIRTON MEDICAL CENTER,

Defendants.

2:21-CV-00391-CCW

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions to dismiss. Defendant Weirton Medical Center moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue, or, in the alternative, to have the case transferred to the Northern District of West Virginia pursuant to 28 U.S.C. § 1406(a). *See* ECF No. 16. Similarly, Defendants Fuscardo, Hoard, and Greenbriar Emergency Physicians, Inc. move to dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue, and, in the alternative, request transfer of this case pursuant to § 1406(a). *See* ECF No. 18. Because the Court concludes that the Western District of Pennsylvania is not a proper venue for this case, *see* 28 U.S.C. § 1391(b); *see also Fuentes v. Mehra*, No. 14-8118 (RBK/KMW), 2015 U.S. Dist. LEXIS 77403, at *11-12 (D.N.J. June 15, 2015), Defendants' Motions will be granted. However, because Plaintiff's claims

could have been brought in the Northern District of West Virginia, we will transfer, rather than dismiss, this case. *See* 28 U.S.C. 1406(a).

## I. Background

Plaintiff initiated this medical malpractice case by filing a Complaint, ECF No. 1, asserting claims for "professional negligence" against Dr. Jesamyn Fuscardo (Count I); "professional liability" against Nurse Practitioner Brittany Hoard (Count II); "agency, vicarious liability" against Greenbriar Emergency Physicians, Inc. (Count III); "corporate negligence" against Weirton Medical Center (Count IV); and wrongful death and survival against all defendants (Count V). *See, generally*, ECF No. 1.

In brief, Plaintiffs claim that the decedent, Mr. Michael T. Kutsenkow ("Mr. Kutsenkow), visited the emergency department at Weirton, in West Virginia, on April 4, 2020, where he was seen by Dr. Fuscardo and NP Hoard. *See id.* ¶¶ 15–16. Mr. Kutsenkow presented with various underlying health issues, including diabetes and hypertension, and also "symptoms of pain in his left shoulder, weakness, fatigue, a history of vomiting, diarrhea, and intermittent fever." *Id.* ¶ 17. Plaintiffs further allege that "[u]pon evaluation, Mr. Kutsenkow's vital signs showed signs of possible tachycardia and a relatively low blood pressure." *Id.* ¶ 18. After an x-ray of his left shoulder showed "degenerative join[t] narrowing," Mr. Kutsenkow was referred to his primary care physician, told to apply ice to his shoulder, and "given a prescription for ultram." *Id.* ¶¶ 19–21.

Mr. Kutsenkow then returned to his home in Pennsylvania, where he was found dead by his wife, Plaintiff Kathleen Kutsenkow, approximately four hours later. *Id.* ¶¶ 22–23. Plaintiffs claim Mr. Kutsenkow "died from Acute Septic Myocarditis and Acute Prostatitis with prostate abscess," and that "this condition…would have been caught and treated if the Defendants

conducted a more thorough assessment, ran more tests, or admitted [Mr. Kutsenkow] for monitoring." *Id.* ¶¶ 26–27.

In the Complaint, Plaintiffs assert that, under 28 U.S.C. § 1391(b)(1) and (2), venue is proper in the Western District of Pennsylvania "as all plaintiffs reside in this district and are residents of the state in which this district is located, and a substantial part of the events or omissions giving rise to the cause of action asserted by Plaintiffs occurred within this jurisdiction." *Id.* ¶ 13.

## II. Standard of Review

In ruling on a Rule 12(b)(3) motion to dismiss for improper venue, the district court must accept as true all of the complaint's well-pleaded factual allegations. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citation omitted). Because venue goes only to where a case may be tried, it is not a jurisdictional defense; accordingly, the United States Court of Appeals for the Third Circuit has held that the party challenging venue bears the burden of proof. *See Myers v. Am. Dental Assn.*, 695 F.2d 716, 724 (3d Cir. 1982) (holding that " a motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense."); *see also, Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x 83 (3d Cir. 2011) ("Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant.") (citing *Myers*, 695 F.2d at 724–25). And "in cases with multiple claims, the court must determine whether venue is proper for each claim." *Lorven Techs., Inc. v. Insight Techs., Inc.*, No. 16-7397 (FLW)(DEA), 2017 U.S. Dist. LEXIS 95255 (D.N.J. June 21, 2017) (citing *Fuentes*, 2015 U.S. Dist. LEXIS 77403, at *2). If venue is not proper, the court may either dismiss the action or transfer it to a district where venue is proper. *See* 28 U.S.C. § 1406(a).

## III. Discussion

Venue is proper if the district in which the court sits is either:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). None of those conditions are present here.[1] First, none of the defendants are residents of Pennsylvania—indeed, all are citizens of West Virginia. Second, according to the Third Circuit, for venue to be proper under § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question." *Bockman v. First Am. Mktg. Corp.*, 459 Fed. App'x 157, 161–62 (3d Cir. 2012) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)). "And in order to 'assess[] whether events or omissions giving rise to the claims are substantial,' we 'look at the nature of the dispute.'" Post Acute Med., LLC v. Leblanc, 826 F. App'x 163, 165 (3d Cir. 2020) (quoting *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994)). Here, while the effects of the allegedly tortious conduct of the Defendants were felt in Pennsylvania (i.e., where Mr. Kutsenkow allegedly passed away), the alleged tortious conduct—i.e., Defendants' alleged negligent failure to render appropriate and necessary medical care—occurred entirely in West Virginia. *See, e.g., Fuentes,* 2015 U.S. Dist. LEXIS 77403, at *14–15 (finding that venue was not proper in New Jersey because "all of the substantial acts or omissions giving rise to Plaintiff's claim, such as the medical observation and

[1] Plaintiff appears to assert in her Complaint that venue is proper here because *she* resides in Pennsylvania. However, the plain language of 28 U.S.C. § 1391(b)(1) requires that the Court look to the residency of the defendants, not the plaintiff(s). Indeed, according to the U.S. Supreme Court, "Congress did not intend to provide for venue at the residence of the plaintiff." *Leroy v. Great Western United Corp*., 443 U.S. 173, 185 (1979).

treatment, occurred in Pennsylvania."). Finally, because all of the Defendants are resident in West Virginia, there is a district in which the action could have been brought (specifically, the Northern District of West Virginia). Accordingly, the Court finds that, under 28 U.S.C. § 1391(b), venue is not proper in the Western District of Pennsylvania.

Having determined that venue is improper in this district, the Court must next decide whether to dismiss the case or transfer it to a district where venue is proper. *See* 28 U.S.C. 1406(a).[2] "Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities.'" *Bockman*, 459 Fed. App'x at 162 n.11 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Thus, because dismissal is disfavored, and because this case could have been brought in the Northern District of West Virginia, the Court concludes that the interests of justice are best served by transferring this action.

## IV. Conclusion

For the foregoing reasons, Defendants' Motions are hereby GRANTED to the extent they argue that, under 28 U.S.C. § 1391, venue is improper in the Western District of Pennsylvania and request that, under 28 U.S.C. § 1406(a), this action be transferred to the Northern District of West Virginia.

Accordingly, IT IS HEREBY ORDERED that this case is transferred forthwith to the Northern District of West Virginia.

DATED this 10th day of December, 2021.

---

[2] Plaintiff's argument in opposition to transfer—that, under the *Jumara* factors, discretionary transfer under 28 U.S.C. § 1404(a) is not warranted here—fails because it incorrectly assumes that this case could have been brought in the Western District of Pennsylvania—i.e., that venue is proper here. As discussed, however, under 28 U.S.C. § 1391(b), venue is not proper in the Western District of Pennsylvania. Thus, by its plain terms, 28 U.S.C. § 1404(a) does not apply.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record